**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, ) <br> an Illinois Limited Liability Company, ) <br>                Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> PALM, INC., ) <br> a Delaware Corporation. ) <br>                Defendant. ) | No. _____ <br><br> (Jury Trial Demanded) |

## COMPLAINT

Plaintiff Helferich Patent Licensing, LLC ("HPL") complains against defendant Palm, Inc. ("Palm") as follows:

1. This action arises under the Patent Laws of the United States, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. § 1338(a).

2. HPL is an Illinois limited liability company and the exclusive licensee of twenty-two (22) U.S. patents, nine (9) pending U.S. applications, and over a dozen related foreign patents and patent applications all duly and legally issued to or applied for by Richard J. Helferich for the inventions claimed therein (collectively the "HPL Portfolio"). In particular, included in the HPL Portfolio are the following U.S. Patents relating to mobile wireless communication devices and the provision of media and content to such devices (collectively, "the Subject Patents"):

1

- U.S. Patent No. 7,627,305, titled "Systems and Methods for Adding Information to a Directory Stored in a Mobile Device," issued on December 1, 2009;
- U.S. Patent No. 7,499,716, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on March 3, 2009;
- U.S. Patent No. 7,403,787, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on July 22, 2008;
- U.S. Patent No. 7,376,432, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on May 20, 2008;
- U.S. Patent No. 7,280,838, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued October 9, 2007;
- U.S. Patent No. 7,277,716, titled "Systems and Methods for Delivering Information to a Communication Device," issued October 2, 2007;
- U.S. Patent No. 7,242,951, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued July 10, 2007;
- U.S. Patent No. 7,155,241, titled "Systems and Methods for Enabling a User of a Communication Device to Manage Remote Information," issued December 26, 2006;
- U.S. Patent No. 7,146,157, titled "Systems and Methods for Downloading

Audio Information to a Mobile Device," issued December 5, 2006;

- U.S. Patent No. 7,039,428, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued May 2, 2006;

- U.S. Patent No. 7,003,304, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued February 21, 2006;

- U.S. Patent No. 6,983,138, titled "User Interface for Message Access," issued January 3, 2006;

- U.S. Patent No. 6,826,407, titled "System and Method For Integrating Audio and Visual Messaging," issued November 30, 2004;

- U.S. Patent No. 6,696,921, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communications System," issued February 24, 2004;

- U.S. Patent No. 6,636,733, titled "Wireless Messaging Method," issued October 21, 2003;

- U.S. Patent No. 6,462,646, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communication System," issued October 8, 2002;

- U.S. Patent No. 6,459,360, titled "Networks, Communication Systems, Transmitting and Receiving Devices, and Methods for Transmitting, Receiving, and Erasing Stored Information," issued October 1, 2002;

- U.S. Patent No. 6,259,892, titled "Pager Transceivers and Methods for

Performing Action on Information at Desired Times," issued July 10, 2001;

- U.S. Patent No. 6,253,061, titled "Systems and Methods for Delivering Information to a Transmitting and Receiving Device," issued June 26, 2001;

- U.S. Patent No. 6,233,430, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued May 15, 2001;

- U.S. Patent No. 6,097,941, titled "User Interface for Voice Message Access," issued August 1, 2000; and

- U.S. Patent No. 6,087,956, titled "Paging Transceivers and Methods for Selectively Erasing Information," issued July 11, 2000.

3. HPL is also the exclusive licensee of a portfolio of patent applications naming Richard J. Helferich as inventor relating to wireless communication and messaging. The relevant pending applications include (collectively, the "Subject Applications"):

- U.S. Patent Application No. 12/625,357, titled "System and Method for Integrating Audio and Visual Messaging;"

- U.S. Patent Application No. 12/580,189, titled "System And Method for Delivering Information To A Transmitting And Receiving Device;"

- U.S. Patent Application No. 12/267,453, titled "Wireless Messaging System;"

- U.S. Patent Application No. 12/367,358, titled "Content provision to

subscribers via wireless transmission;"

- U.S. Patent Application No. 12/167,971, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

- U.S. Patent Application No. 11/635,781, titled "Paging Transceivers and Methods for Selectively Retrieving Messages;"

- U.S. Patent Application No. 11/598,832, titled "Systems and Methods for Downloading Information to a Mobile Device;"

- U.S. Patent Application No. 11/598,202, titled "Wireless Messaging System;" and

- U.S. Patent Application No. 10/958,731, titled "System and Method for Integrating Audio and Visual Messaging."

4. As exclusive licensee of all right, title, and interest in the Subject Patents, HPL may seek monetary damages, injunctions, and other relief pursuant to 35 U.S.C. § 271 for past, current, and future infringement of the patents.

5. Defendant Palm is a corporation established under the laws of Delaware and based in Sunnyvale, California. Palm manufactures or sells mobile wireless communication devices such as cellular telephones--including selling or offering to sell such devices (including the accused devices listed below)--within this judicial district, and conducts other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

6. More specifically, this Court has jurisdiction because defendant has caused infringing devices to be sold in the Northern District of Illinois by delivering such

devices into the stream of commerce with the expectation that they will be purchased by consumers within this district, including, but not limited to, through defendant's relationships with Sprint Nextel Corp. and Verizon Corp., both wireless providers with store locations throughout the state of Illinois. Accordingly, venue is appropriate in this district under 28 U.S.C. §§ 1391(c) and 1400(b), and personal jurisdiction is established, because the defendant resides in this district based upon acts of infringement in this district.

7. As detailed below, within the six years preceding the filing of this action, the defendant violated 35 U.S.C. § 271 and caused HPL damage in an amount to be proven at trial by manufacturing, using, selling, or offering for sale within United States mobile wireless communication devices that infringe one or more of at least the following patent claims: claims 1, 2, 51 and 52 of U.S. Patent No. 7,499,716; claims 7 and 8 of U.S. Patent No. 7,280,838; claims 1-5 of U.S. Patent No. 7,146,157; claims 1-3, 10-12 of U.S. Patent No. 7,003,304; claims 1, 4, 5, 39, 40, and 42 of U.S. Patent No. 6,983,138; claims 1, 3, 5, 6, 13, 14, and 16 of U.S. Patent No. 6,097,941; and claims 1, 2, 13, 15, 44, 47, 52, 53, 61, 65, 68, 69, 71, 74, 77, 136, 140, 145, 149, 154, 155, 157, 160, and 161 of U.S. Patent No. 6,087,956, and likely others as determined through discovery and as additional claims issue (collectively, the "Asserted Claims").

8. Within the six years preceding the filing of this action, Palm infringed at least one or more of the Asserted Claims by manufacturing, using, selling or offering for sale within the United States devices that provide the claimed messaging and web browsing features (and combinations thereof) including at least one or more of the

following models: Palm Pre, Palm Centro, Palm Treo 755p, and likely others as determined through discovery and as additional claims issue.

9. On or about May 9, 2008, HPL gave written notice to Palm of the Asserted Claims. The letter provided Palm with a detailed description of the Asserted Claims, as well as claim infringement charts demonstrating the manner in which the Asserted Claims were infringed by Palm products. On August 5, 2009, HPL provided Palm with yet another letter further demonstrating the manner in which the Asserted Claims were infringed by Palm products.

10. To date, and in response to HPL's invitation, more than twenty of the world's largest device manufacturers and distributors have signed substantial licensing agreements with HPL, including: Apple, Microsoft, HTC, Research in Motion, Samsung, LG Electronics, Casio-Hitachi, Toshiba, Sony-Ericsson, Pantech, ZTE, ASUSTeK, UTStarcom, i-mate, Wistron, NEC, Panasonic, Sharp, Sanyo, and, most recently, Kyocera.

11. Of HPL's current licensees, two companies - ASUSTeK and HTC - are known to have manufactured some, but not all, of Palm's devices. HPL is not asserting infringement or seeking damages for those devices manufactured by ASUSTek or HTC, or any other licensee to the extent such devices are within the scope of the licensed fields. To date, despite numerous requests, Palm has refused to identify the model numbers and quantity of devices manufactured by HPL's current licensees.

12. Notwithstanding HPL's licensing success, and the specific and numerous infringement contentions asserted against the defendant, Palm has failed to acknowledge infringement (past and current) or to enter into a licensing agreement with HPL.

13. Thus, defendant, with actual knowledge of the Asserted Claims and without lawful justification, willfully and deliberately infringed, and continue to infringe, the Asserted Claims.

WHEREFORE, for the foregoing reasons, Helferich Patent Licensing, L.L.C., prays for:

(a) Judgment on the Complaint that defendant has infringed, contributed to the infringement of, or actively induced others to infringe at least U.S. Patent Nos. 7,499,716, 7,280,838, 7,146,157, 7,003,304, 6,983,138, 6,097,941 and 6,087,956 (hereinafter the "Asserted Patents").

(b) A permanent injunction to be issued enjoining and restraining defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them, from making, using, selling, offering for sale, or importing any products which fall within the scope of any or all claims of the Asserted Patents, and from inducing or contributing to the infringement of any such claims by others;

(c) An award of damages against defendant adequate to compensate HPL for past infringement of the Asserted Patents, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

    (d)    Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that HPL is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

    (e)    Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 19th day of April, 2010.

                      VICTORIA GRUVER CURTIN, P.L.C.

                      By: */s/ Victoria Curtin*
                          Victoria Gruver Curtin, P.L.C.
                          Attorney for Plaintiff

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
James D. Busch (Ill. State Bar # 6299217)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, ) <br> an Illinois Limited Liability Company, ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> PALM, INC., ) <br> a Delaware Corporation. ) <br>         Defendant. ) | No. _____ <br><br> (Jury Trial Demanded) |

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in this lawsuit.

RESPECTFULLY SUBMITTED this 19th day of April, 2010.

                        VICTORIA GRUVER CURTIN, P.L.C.

                        By: */s/ Victoria Curtin*
                              Victoria Gruver Curtin, P.L.C.
                              Attorney for Plaintiff

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
James D. Busch (Ill. State Bar # 6299217)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956