

*MHN*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company, <br>     Plaintiff, <br><br> v. <br><br> PALM, INC., a Delaware Corporation, <br><br>     Defendant. | No. 1:10-cv-02411 <br><br> Hon. Rebecca R. Pallmeyer |

## PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

    a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    b. "Confidential" information is (a) information concerning a person's business operations, processes, and technical and development information within the scope of Rule

26(c)(1)(G), (b) sales, licensing and other financial information the disclosure of which is likely to harm that person's competitive position, or (b) information the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c. "Highly Confidential" information is the most sensitive information of the Parties and their affiliates (including but not limited to trade secrets, technical specifications, requirements documents, strategic plans, and business plans) that, in the opinion of the disclosing party, could cause irreparable harm to its business if disclosed to anyone other than pursuant to the procedures outlined herein..

d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3. <u>Designation of Information as Confidential or Highly Confidential</u>:

a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without

marking them as confidential without forfeiting a claim of confidentiality, so long as the documents or things are marked as Confidential or Highly Confidential before providing them to the recipient.

    c.    A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and the videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

    d.    A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

    e.    A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in this case.

    f.    If a party disputes another person's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of showing that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. The information shall

remain subject to the Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

g. The parties do not contemplate the production of source code during discovery in this case. If the production of source code becomes necessary later in the case, the Parties will meet and confer in good faith to amend this Protective Order to specify a procedure for production of source code.

4. <u>Use and disclosure of Confidential or Highly Confidential Information</u>:

a. Confidential or Highly Confidential information is to be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer or videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

c. Subject to the restrictions of 4(d) below, absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential

information to any person other than those identified in paragraph 4(b)(iv), (v), and (vi), Palm's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel, and HPL's outside counsel, including necessary paralegal, secretarial and clerical personnel assisting them, excluding Mr. Steven Lisa and Mr. Timothy Sperling given their ongoing roles as competitive decision-makers for HPL.

        d.    Except under the conditions set out below, technical information designated as Confidential and/or Highly Confidential may not be disclosed to any person who, as of the effective date of this protective order, is involved or whose job responsibilities make them likely to be involved in the preparation, revision, or prosecution of patents or patent applications relating to the Subject Matter of the litigation (as defined below). Individuals who review Confidential and/or Highly Confidential technical information shall not engage or participate in the prosecution of patents relating to cellphones, smartphones, wireless data transmission, and methods or devices for providing content via computer networks (the "Subject Matter") for a period of at least two years following the conclusion of the resolution or trial of this case or of their last review of such information, whichever is later. Notwithstanding the foregoing, no person who reviews Highly Confidential Information from the Producing Party shall at any time thereafter engage or participate in the prosecution of any patents or patent applications that claim priority to any of the patents-in-suit or to any patent or patent application relating to the Subject Matter with a filing date prior to the date of this Order (including but not limited to continuation, continuation-in-part, or divisional patent applications).    e.    A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other

parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

  f. Pursuant to subparagraph 4(e), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or protection that applies to communications with the consultant or the consultant's work product. The parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

  g. Notwithstanding paragraphs 4(a) and 4(b), a party may disclose Confidential or Highly Confidential information to: (i) any employee of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

  h. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraphs 4(b) or 4(c) must first make a reasonable attempt to

obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

i.  This Order will not be disclosed, in any manner, to the jury in this litigation, or used in any manner or form, direct or indirect, as evidence in any trial or hearing, or referred to in any trial or hearing on the merits of the case, except that it may be disclosed in the event of a hearing involving issues related to the enforcement of any provision of this Order.

j.  During the course of interviewing a potential witness or preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact witness or deponent may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents that on their face reveal that they were authored, sent or received by the witness or deponent outside the context of this litigation. This shall not preclude a producing party from showing documents that it has produced to its own witnesses and deponents, regardless of whether the producing party has designated the document(s) that it produced as Confidential Information or Highly Confidential Information and regardless of whether such person was the author or a recipient of the document. At the deposition of a third party or current or former employee of a producing party, such third-party or current or former employee of a producing party may be shown documents designated as Confidential Information or Highly Confidential Information if the document was authored by, sent or received by that third-party or current or former employee, or provided that the producing party consents to such disclosure.

5.  <u>Copies</u>: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests in a format requested by

the recipient, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6.  <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work-product doctrine shall be handled in accordance with Federal Rules of Evidence 502.

7.  <u>Filing with the Court</u>:

(a) This protective order does not, by itself, authorize the filing of any document under seal without prior leave of court. A party wishing to file under seal a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 26.2(b) and prior to or simultaneously with the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential or Highly Confidential information.

(b) If a party wishes to file a document that another producer has designated as Confidential or Highly Confidential, the party must file the document under seal.

(c) Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8. <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly Confidential information. Alternatively, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential or Highly Confidential information must promptly certify in writing its compliance with the requirement of this paragraph. Notwithstanding the requirements of this paragraph, Palm's outside counsel and HPL's outside counsel Ms. Curtin may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9. <u>Survival of obligations</u>: The obligations regarding Confidential or Highly Confidential information survive the conclusion of this case.

**ENTERED:**

Dated: ~~August~~ Sept. 14, 2010

By: _Rebecca Pallmeyer_
Judge Rebecca R. Pallmeyer
United States District Court

9

PROTECTIVE ORDER

# APPENDIX 1

## CONFIDENTIALITY AGREEMENT

I, _____, state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Helferich Patent Licensing, L.L.C. v. Palm, Inc., et al.*, Civil Action No. 1:10-cv-2411, and to be subject to the authority of the United States District Court for the Northern District of Illinois, Eastern Division in the event of any violation of this agreement or dispute related to this agreement.

5. I have been informed of or read the Agreed Protective Order dated_____, 2010, and I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ 200_.

_____

_____
[Print Name]

_____
[Title]

_____
[Company Name]